JOHN E. PINKHAM, and another *vs.* FRANCES O. PINKHAM.

Kennebec.  Opinion February 23, 1901.

*Husband and Wife.  Dower.  Descent.  Contracts.  R. S., c. 61, § 6; c. 103, §§ 6, 96; Stat. 1895, c. 157.*

A wife cannot bar her right and interest by descent in her husband's real estate by a release to him during coverture.

A release by the husband to the wife, during coverture, of all his right, title and interest in dower, or right and interest by descent, in her real estate, and of all claim he may have in her personal estate at her decease, by allowance or otherwise, is not a "pecuniary provision" for her, within the meaning of R. S. chap. 103, §§ 8 and 9; and her release to him in consideration thereof, of her right and interest by descent in his real estate is invalid.

A widow may waive a "pecuniary provision" made for her after marriage and save her right and interest by descent.

*Held;* that the defendant took by descent one-third in common of the demanded premises.

On report.    Judgment for defendant.

Writ of entry, wherein the plaintiffs demanded certain real estate situated in Augusta.

The case appears in the opinion. ·

*F. J. C. Little*, for plaintiffs.

The covenant stands entirely upon precedent of common law, is not prohibited by statute and is enforceable.    *Motley* v. *Sawyer*, 34 Maine, 540, and cases; *S. C.*, 38 Maine, 68; *Davis* v. *Herrick*, 37 Maine, 397; *Randall* v. *Lunt*, 51 Maine, 246; *Woods* v. *Woods*, 77 Maine, 434, and cases.

If the case of *Woods* v. *Woods*, supra, is within the statute, surely this case may be, for in the former she takes property without the prospects of further support from her husband during her life; and in this case she lived with him and was supported by him during his life in peace, enjoying the blessings of a home. With such a consideration to support the contract, the cases are similar.    Says WALTON, J., in *Woods* v. *Woods*:  "In this case, while her husband was alive, the plaintiff received from him one thousand dollars in money, and some other property, in consideration of which she agreed in writing, under her hand and seal, that the property so received should be in full discharge of all claim, right or interest upon him and upon his property, for her support and maintenance, by way of dower or otherwise.    Her husband is now dead, and the question is whether this agreement bars her right to dower.    We think it does.    That her husband intended that the provision so made for her should be in lieu of dower, and that she deliberately and advisedly accepted it as such, there can be no doubt.    The express wording of the agreement will admit of no other interpretation.    We think she must abide by the agreement she then made."

*H. M. Heath and C. L. Andrews*, for defendant.

Counsel argued:    (1)   Release is void at common law; (2) not ante-nuptial; (3) not a jointure; (4) not a pecuniary provision; (5) not within any statute.

Counsel cited: (1) *Rowe* v. *Hamilton*, 3 Maine, 63; *Stephenson* v. *Osborne*, 41 Miss. 119; S. C. 90 Am. Dec. 358, and cases; *Townsend* v. *Townsend*, 2 Sandf. 711; *Croade* v. *Ingraham*, 13 Pick. 33; *Hastings* v. *Dickinson*, 7 Mass. 153; *Gibson* v. *Gibson*, 15 Mass. 106; *Vance* v. *Vance*, 21 Maine, 364; *Chase* v. *Alley*, 82 Maine, 237. All legal contracts between husband and wife must be statutory permissions. *Stephenson* v. *Osborne*, supra; *Jones* v. *Crosthwaite*, 17 Ia. 393; *Leach* v. *Leach*, 65 Wisc. 284; *Wilbur* v. *Wilbur*, 52 Wisc. 298; *Townsend* v. *Townsend*, supra; *Littlefield* v. *Paul*, 69 Maine, 534; *McKee* v. *Reynolds*, 26 Ia. 578; *Allen* v. *Hooper*, 50 Maine, 372; *Blake* v. *Blake*, 64 Maine, 184; *Wentworth* v. *Wentworth*, 69 Maine, 262; *Giles* v. *Moore*, 4 Gray, 600.

Dower cannot be barred in any other way than provided by statutes.

In *Littlefield* v. *Paul*, 69 Maine, 534, after full and exhaustive argument by most able counsel, the precise question, which is the crucial test of this cause, came up necessarily for decision. LIBBEY, J., after citing R. S., ch. 103, §§ 1, 6, 7, 8, 9 and 10, and ch. 61, § 6, said: "We are of the opinion that these statutory provisions cover the whole subject of dower and that the court must look to them, and to them alone, for the extent of the right of the widow to dower, and for the modes and manner in which she may be legally barred of her action therefor."

(2) Not a jointure. *Hastings* v. *Dickinson*, 7 Mass. 153; *Vance* v. *Vance*, 21 Maine, 364; *Bubier* v. *Roberts*, 49 Maine, 465.

(3) Not an ante-nuptial settlement, because not made before marriage, and she duly waived all provisions of the will. *Perkins* v. *Little*, 1 Maine, 151.

(4) Not a pecuniary provision. *Bubier* v. *Roberts*, 49 Maine, 464; *Wentworth* v. *Wentworth*, 69 Maine, 247. In *Woods* v. *Woods*, 77 Maine, 434, the husband and wife entered into a deed of separation and the wife received an adequate pecuniary provision within the meaning of R. S., c. 103, §§ 8 and 9. *Shaw* v. *Boyd*, 5 S. & R. 309, (9 Am. Dec. 369); 1 Wash. R. P. 325.

Redfield on the Law of Wills, citing for authorities *Drury* v. *Drury*, 3 Br. P. C. 492, and *M'Cartell* v. *Tellar*, 2 Paige, 511, says: " But a jointure or marriage settlement, in order to have the effect to bar the widow's claim of dower in her husband's estate, must be adequate to her support, or at all events a fair equivalent to the dower in her husband's estate." By the very terms of the agreement the wife was to receive nothing except the fortuitous assurance that her heirs should take her estate unencumbered by dower. It was the intention of the statute that the surviving wife should be provided with a fair and adequate recompense for the right released. That intention is defeated by such a contract as this, for the " provision" intended for the survivor is made to go to the heirs of the deceased. The consideration for her deed of release was contingent and uncertain during the life of her husband. By his death it wholly failed.

On Feb. 12, 1896, the date of this agreement, Mrs. Pinkham's right in her husband's estate was inchoate; it was not even a chose in action. It could not be assigned to her during the life of her husband. She could maintain no action in respect to it. *Gunnison* v. *Twitchell*, 38 N. H. 62. Nor was her right at law in any sense an interest in real estate, nor property of which value could be predicated. The same was true of her husband's right in her estate. Both were mere possibilities, and not proper subjects of contract. 1 Wash. R. P. 312; *Moore* v. *The Mayor*, 8 N. Y. 110; *McArthur* v. *Franklin*, 16 Ohio St. 193.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J. In this writ of entry the demandants are the two sons of Elisha F. Pinkham, who died seized of the demanded premises, April 24, 1899; the defendant is his widow. The widow claims a one-third interest in the premises by statutory descent under the provisions of section 1 of chapter 157 of the Public Laws of 1895. And it is agreed that if the widow's claim is sustained, the demandants are entitled to judgment for two-thirds undivided of the premises; otherwise, for the whole.

The demandants claim that the defendant is barred of her statutory interest by the following agreement, made while Elisha F. Pinkham and the defendant were intermarried, and presumably, while they were living together as husband and wife:—

"By mutual consent and agreement this day entered into by and between Elisha F. Pinkham and Frances O. Pinkham, both of Augusta, Maine, man and wife, and for a valuable consideration paid by the one unto the other, receipt of which is hereby acknowledged, each does hereby release and discharge, convey and transfer unto the other all of his right, title and interest in dower of his or her real estate of which he or she is now seized or possessed, and of which he or she may die seized or possessed. And likewise do further hereby acknowledge full and complete satisfaction for and of each in the other's personal estate at time of his or her decease, hereby waiving and cancelling and discharging each unto the other all claim and right of claim which each may have at the time of the other's decease in each other's estate, whether by allowance or widow's or widower's thirds, under general laws of the state, excepting this writing shall not cut nor interfere with any provision made in the will of the party who shall first decease, if any such provision shall be made in favor of the other.

In witness whereof we have hereunto interchangeably set our hands and seals this 12th day of February, 1896.

Elisha F. Pinkham      (Seal)

Frances O. Pinkham     (Seal) "

In this agreement the parties make use of the word "dower." Chapter 157 of the Public Laws of 1895, abolished dower and substituted therefor title and interest by descent, an estate in fee. That statute was not in force as to these parties when this agreement was made, but it was in force when Mr. Pinkham died. But we think it is clear that, in using the word "dower," the parties had in mind such interest as the defendant might have in her husband's real estate at his death, be it "dower" under the old statutes, or "right and interest by descent" under the new. And thus we construe the agreement.

But is the agreement valid? We think not. At common law a wife could not bar her dower by a release to her husband during coverture. *Rowe* v. *Hamilton,* 3 Maine, 63. If such power now exists, it must be by reason of some enabling statute. *Haggett* v. *Hurley,* 91 Maine, 542. If the power be sought in the general statutes extending the powers of wives to contract with their husbands, we think the search will be unavailing. Certainly no such power is expressly given, and we think it is not given by any fair intendment. The principles controlling the construction of these statutes have recently been elaborately expounded in *Haggett* v. *Hurley,* supra, and we need not repeat them. Such statutes, as was said in that case, "must be construed strictly as in derogation of the common law, and as modifying a long approved policy."

Now because the statutes empower a wife to convey her real estate to her husband, a matter of bargain and sale, or gift, it does not follow that she may divest herself of her dower right, or as we now say, her right and interest by descent, by simply contracting mutual releases with her husband. The two matters are different. The right and interest by descent arise by reason of the marital relation and continue, unless barred, as long as that relation exists. It is not barred by a sale to the husband, for if the wife convey her real estate to her husband, her inchoate right by descent springs at once into existence. It is not defeated nor barred.

The law jealously regards the rights of a wife in the estate of her husband. She may not be barred by his deed or his will, unless she joins in the one, or is willing to accept the provisions of the other. She is even protected against her own too-easily persuaded confidence in her husband, her own improvident contracts with him. For if during coverture, jointure or pecuniary provision is made for her, even with her consent, and her dower or right and interest by descent would be thereby barred, she may waive the provision, and save her interest. R. S., chap. 103, § 9; Public Laws 1895, chap. 157, § 4.

Had it been the intention of the legislature to grant to wives a power of so serious a character and of such doubtful utility to them

as the irrevocable power claimed in this case would be, we think that intention would have been more clearly expressed.

The legislature has, however, permitted the barring of dower or the interest by descent in certain specific ways, and with certain safeguards. But none of these statutory methods were adopted in this case. This is not a statutory "marriage settlement," because it is not an ante-nuptial settlement executed in the presence of two witnesses. R. S. chap. 61, § 6; *Wentworth v. Wentworth,* 69 Maine, 247. Nor is it a "jointure." R. S., chap. 103, § 7; *Vance v. Vance,* 21 Maine, 364. Nor is it a joinder in a conveyance made by the husband. R. S., chap. 103, § 6. Nor is it a "pecuniary provision," R. S., chap. 103, § 8, because the provision is not "pecuniary." *Davis v. Davis,* 61 Maine, 395; Bouvier's Law Dictionary, Tit. Pecuniary. In *Woods v. Woods,* 77 Maine, 434, cited and relied upon by the learned counsel for the demandants, the provision was, in part at least, pecuniary, "one thousand dollars in money." And upon this fact the decision of the court was expressly based.

Besides, if the agreement in the case at bar could be held to be a pecuniary provision, the case shows that the widow seasonably elected to waive the provision. Public Laws 1895, chap. 157, § 4. And this she could do, for the provision was made after marriage. R. S., chap. 103, § 9.

The defendant, therefore, took one-third in common and undivided of the demanded premises as her right and interest by descent from her husband, and the demandants are entitled to judgment for the remainder.

> *Judgment for demandants for two-thirds in common and undivided of the demanded premises.*